IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROOSEVELT HARRY WOODSON, JR., | ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | Civil Action No. 7:22cv00209 |
| v. | **MEMORANDUM OPINION** |
| OFFICER ASHWOOD, | By:   Hon. Thomas T. Cullen United States District Judge |
| Defendant. | |

Plaintiff Roosevelt Harry Woodson, Jr., a Virginia inmate proceeding *pro se,* filed this civil action against Officer Ashwood under 42 U.S.C. § 1983. Woodson seeks leave to proceed *in forma pauperis* with this action. Having reviewed Woodson's request and complaint, the court grants his request to proceed *in forma pauperis*, but concludes that Woodson fails to state a cognizable federal claim against the named defendant. Therefore, the court will dismiss Woodson's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**

Woodson alleges that on March 16, 2022, he sent a request form to receive his legal mail to the "mail lady & man." (Compl. at 2 [ECF No. 1].) The only reference in the complaint to Officer Ashwood is in the caption of the complaint and Woodson appears to identify Ashwood as a mail room employee. As relief, Woodson requests transfer to a "disable jail where he can get help at as on medication." (*Id.* [*sic*] throughout.)

The court conditionally filed Woodson's complaint, advised him that his complaint failed to state a claim against the defendant, and gave him the opportunity to file an amended

complaint. (ECF No. 10.) The court also advised Woodson that if he failed to amend the complaint within 14 days, the court would assume that he stands on his current complaint and waives his right to amend. (*Id.*) Woodson did not file an amended complaint.

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Woodson does not allege any facts against or conduct committed by Officer Ashwood. As a general matter, prisoners have the right to both send and receive mail. *See Thornburgh v. Abbott*, 490 U.S. 401, 408 (1974). But Woodson does not allege that his right to send or receive mail was impacted or, more importantly, that Officer Ashwood had any role whatsoever in obstructing that right. Because there are no allegations concerning Officer Ashwood, the court concludes that Woodson has failed to state a cognizable § 1983 claim against the defendant.

## III.

For the reasons discussed, the court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(ii).

**ENTERED** this 2nd day of November, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE